IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CR. NO.: 3:12-00513-JFA |
|---|---|---|
| vs. | ) | |
| DAVID ANDRE JENKINS, et. al. | ) | **PROTECTIVE ORDER** |
| | ) | **AUTHORIZING DISCLOSURE** |

Upon consideration of the Government's Motion to Disclose the Applications, Affidavits, Court Orders, Reports and Duplicate Recordings of Intercepted Oral Communications in the Matter of the Authorization of Oral Interceptions and visual, non-verbal conduct, Miscellaneous Number 3:08-mc-00132,

It is hereby:

ORDERED, ADJUDGED and DECREED that duplicate recordings, any transcripts, applications, affidavits, reports and court orders authorizing interceptions previous sealed in this matter may be disclosed for the limited purpose of allowing the government to serve copies of said duplicate recordings, transcripts, applications, affidavits, reports and court orders authorizing oral interceptions on each of the defendants and their attorneys in Criminal Number 3:12-cr-00513, District of South Carolina, as to the following target telephone number: (803) 201-2925, and any Indictment or Complaint in the case in accordance with Title 18, United States Code, Section 2518(9);

IT IS FURTHER ORDERED that the contents of any duplicate recordings of the intercepted conversations, any transcripts of intercepted conversations, applications, affidavits, reports and court orders authorizing oral interceptions being made available by the United States to the defendants and their attorneys not be discussed, disseminated or

1

disclosed to anyone other than the named defendants and their counsel, or the staff of their counsel (full time support staff and attorneys formally associated with the law firm), except upon the express authorization of this Court.

IT IS FURTHER ORDERED that as set forth in earlier filed protective order, the Attorneys for the Defendants may allow the Defendants to review the discovery materials, labeled as "Restricted" by the Government, but shall not release custody of those materials to the Defendant, and shall safeguard against the release of those materials. Under no circumstances are discovery materials, labeled as "Restricted" by the Government, to be released into the jails, included but not limited to the wire tap material disclosed pursuant to this order. Upon final resolution of this case in the District Court, all matters disclosed pursuant to this order are to be immediately returned to the United States.

IT IS FURTHER ORDERED that the above-mentioned contents of duplicate recordings of the intercepted conversations visual, non-verbal conduct, any transcripts made therefrom, applications, affidavits, reports, and court orders authorizing oral interceptions remain sealed until further Order of this Court;

IT IS FURTHER ORDERED that any attorney receiving the above-described items is not to disclose any information therein other than to prepare for trial and for the defense of his/her client;

IT IS FURTHER ORDERED that disclosure of the intercepted conversations and visual, non-verbal conduct, any transcripts made therefrom, applications, affidavits, reports, and court orders authorizing oral interceptions will serve as notice of interceptions in compliance with Title 18, United States Code, § 2518(8)(d) to all named defendants in this case who receive such discovery.

IT IS SO ORDERED.

July 31, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge